IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROE (A#: 076-475-480), | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-792-C-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the

undersigned United States magistrate judge for pretrial management. The Court now considers

*Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint*, Doc. 16. As detailed here,

the motion should be **GRANTED**.

## I. BACKGROUND

### A. Factual Background

*Pro se* Plaintiff John Roe,[1] a former immigration and county-jail detainee, asserts claims

against the Government under the Federal Tort Claims Act ("FTCA") in this suit filed in April

2019.[2] Plaintiff alleges in his third amended complaint that in November 2015, he was taken

---

[1] Even though the case is captioned "John Roe," Plaintiff signed his name on the operative
complaint. Doc. 15 at 61.

[2] Plaintiff previously filed suit against various defendants, including Johnson County, Texas,
Phillip Roden, David Blakenship, and LaSalle Southwest Corrections, LLC. *Roe v. Johnson
Cty., Texas*, No. 3:18-CV-2497-B-BN, 2019 WL 5031357, at *1 (N.D. Tex. July 29, 2019)
(Horan, J.) *adopted by* 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) (Boyle, J.) (hereinafter
"*Roe I*"). Like *Roe I*, the operative complaint alleges Johnson County, Texas subcontracts some
of its responsibilities to LaSalle Southwest Corrections, LLC ("LaSalle"). Doc. 15 at 6. The
complaint also alleges that Roden is "not an actual ICE employee, but an employee of an

into federal immigration custody and detained in the Johnson County Corrections Center ("JCCC").  Doc. 15 at 6.  Plaintiff suffered a seizure and was subsequently transferred to a hospital.  Doc. 15 at 8.  During his hospitalization on November 22, 2015, Plaintiff alleges he was sexually assaulted by a guard assigned to him.  Doc. 15 at 9-10.

After receiving treatment for his seizure, Plaintiff returned to the JCCC on November 24, 2015 and reported the alleged sexual assault to JCCC officials.  Doc. 15 at 11.  Plaintiff also reported the incident to his wife and instructed her to call the Department of Homeland Security's ("DHS") sexual assault hotline.  Doc. 15 at 11.  Plaintiff's wife lodged a complaint with the DHS Office for Civil Rights and Civil Liberties ("CRCL") on December 1, 2015.  Doc. 15 at 15.

JCCC officials and DHS agents investigated Plaintiff's sexual assault allegations and, on December 2, 2015, a JCCC officer arrested him on state charges for making a false report to a police officer.  Doc. 15 at 15-16, 18.  On January 20, 2016, Plaintiff posted bail.  Doc. 15 at 22.  Then, in April 2016, Plaintiff suffered another seizure and spent seven days in the hospital.  Doc. 15 at 24.  Plaintiff was diagnosed with traumatic brain injury, aphasia, encephalopathy, seizure disorder, and conversion disorder.  Doc. 15 at 24.

On August 25, 2017, Plaintiff failed to appear for his trial on the state charge of submitting a false police report, and a capias was issued.  Doc. 15 at 25.  Plaintiff was arrested

---

independent contractor named [LaSalle]."  Doc. 15 at 26.  The complaint further alleges that David Blakenship is a "peace officer (Captain) with the Johnson County Sherriff's Office, stationed at the jail and oversaw its day-to-day operation."  Doc. 15 at 11.  In *Roe I*, the Court granted the eight pending motions to dismiss.  *Roe I*, 2019 WL 5031357, at *1.  Plaintiff now asserts claims against the Government, which has moved to dismiss based on, *inter alia*, arguments presented in *Roe I*.

on December 19, 2017 by DHS and Johnson County sheriff's deputies.  Doc. 15 at 25.  An

immigration detainer was contemporaneously lodged the same day.  Doc. 15 at 40.

On May 8, 2018, Plaintiff was found not guilty of making a false report to a police

officer.  Doc. 15 at 40.  He was then held in Johnson County custody for two days awaiting

transport for removal proceedings pursuant to the immigration detainer that had been lodged

upon his December 19 re-arrest.  Doc. 15 at 40.  On May 10, 2018, Plaintiff was picked up by

DHS and then processed and released the next day.  Doc. 15 at 40.  On September 28, 2018,

Plaintiff received a response from CRCL which "found concerns about [the Johnson County

Sheriff's Office's] investigation and prosecution of you for making a false police report.

Therefore, CRCL made a recommendation to ICE regarding decisions to prosecute sexual assault

complainants."  Doc. 15 at 40-41.

### B.  Procedural Background

Plaintiff filed an administrative tort claim with DHS on June 18, 2018.  Doc. 15 at 2.

After six months, DHS failed to make a final disposition of Plaintiff's administrative tort claim

and Plaintiff initiated this suit against the Government on April 1, 2019.  Doc. 3 at 1; Doc. 15 at

2-3.  Plaintiff's *Third Amended Complaint* asserts 18 claims, which can be categorized into two

groups:  (1) claims 1-6 are sound in negligence and similar tort theories based on the alleged

sexual assault and related matters which took place immediately before and afterwards, Doc. 15

at 41-51; and (2) claims 7-18 are intentional tort claims arising out of Plaintiff's arrest, re-arrest,

and prosecution for making a false statement, Doc. 15 at 51-60.  The Government now moves to

dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  A plaintiff fails to state a claim for relief when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted).  However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted).  In sum, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

## III.  PARTIES' ARGUMENTS AND ANALYSIS

### A.  Claims 1-6 are Time Barred and Should be Dismissed

The Government argues that claims 1-6 should be dismissed because (1) they are time barred, as Plaintiff "did not file a tort claim within two years after the alleged sexual assault;" and (2) Plaintiff fails to establish that "the alleged sexual assault, an intervening criminal act by an employee of a subcontractor of Johnson County, was foreseeable to the United States . . . under the FTCA." Doc. 16 at 8.  Upon review, the Court concludes dismissal is proper based on the statute of limitations and therefore does not reach the Government's second argument.

Plaintiff avers that his claims are not time barred due to, *inter alia*, equitable tolling, the discovery rule, fraudulent concealment, and continuing tort theory. Doc. 19-1 at 14, 17, 21, 24-

25.  Plaintiff also argues that the ten-year statute of limitations under the Aliens Tort Claims Act

("ATCA"), rather than the FTCA, is proper.  Doc. 19-1 at 28.  Plaintiff's arguments, however,

lack merit.

### 1.  Statute of Limitations and Equitable Tolling

Under the FTCA, "a tort claim against the United States shall be forever barred unless it

is presented to the appropriate Federal agency within two years after such claim accrues and then

brought to the federal court within six months after the agency acts on the claim."  *United States*

*v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015) (citing 28 U.S.C. § 2401(b)) (internal citations

omitted).  The general rule under the FTCA is that "a tort claim accrues at the time of the

plaintiff's injury."  *United States v. Kubrick*, 444 U.S. 111, 120 (1979).

Plaintiff does not sufficiently address whether his claims are barred by the FTCA's two-

year statute of limitation, and instead argues that his claims survive the statute of limitations

based on equitable doctrines.  *See* Doc. 19-1 at 14-29.

### a.  Equitable Tolling

Plaintiff argues his claims should not be barred by limitations because he was prevented

from exercising his rights as DHS agents "mislead [Plaintiff] to believe the [sexual assault]

investigation was active and ongoing," which "misled him into not filing suit earlier."  Doc. 19-1

at 14.  Plaintiff also argues his claims should not be barred because he was mentally

incapacitated until "late November or early December of 2017" due to his April 2016 seizure.

Doc. 19-1 at 18.  The Court disagrees for the reasons that follow.

Equitable tolling applies where the plaintiff has been actively misled by the defendant

about the cause of action or prevented in some extraordinary way from asserting his claims.

*United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  For instance, equitable tolling is

appropriate where plaintiff is unaware of the facts giving rise to a claim because of the defendant's intentional concealment of them. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Mental illness may warrant equitable tolling when (i) a petitioner makes a threshold showing of incompetence and (ii) that incompetence affected his ability to timely file. *See Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). "The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case." *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). Equitable tolling doctrines "are to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Equitable tolling does not apply when "a plaintiff could have filed his claim properly with even a modicum of due diligence but failed to timely preserve his claim for litigation." *Farmer v. D & O Contractors, Inc.*, 640 F. App'x 302, 305 (5th Cir. 2016) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In *Farmer*, the Fifth Circuit dismissed plaintiffs' argument that "they were prevented from exercising their rights because Farmer was advised not to file suit by the FBI so as not to interrupt a pending criminal investigation" where "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit." *Id.* at 307. "To show an extraordinary circumstance, a litigant must show an external obstacle to timely filing, *i.e.*, that the circumstances that caused a litigant's delay must have been beyond its control." *Id.* at 306. (citing *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016)) (internal alterations omitted).

Here, Plaintiff has not shown how DHS's actions—informing Plaintiff the sexual assault investigation was active and ongoing—was an external obstacle that prevented him from timely filing his claim. *See* Doc. 19-1 at 14. Like *Farmer*, the DHS's actions did not prevent Plaintiff from filing suit as the DHS merely informed Plaintiff that the investigation was ongoing. *See id.*

at 307.  Accordingly, Plaintiff's mistaken belief that DHS's actions prevented him from filing

suit is insufficient to toll the statute of limitations.  *See id.*

Next, Plaintiff's fraudulent concealment argument fails because the complaint does not

allege that the Government intentionally concealed certain alleged facts from him.  *Granger*, 636

F.3d at 712.  For example, Plaintiff avers certain facts were not made available to him until

Roden testified in the criminal trial in May 2018.  Doc. 19-1 at 19-20.  Plaintiff alleges that

Roden's testimony contradicts David Blankenship statement to Plaintiff that "detention officers

do not carry weapons when guarding ICE detainees" and "Roden did not work the day the sexual

assault allegedly occurred.  Doc. 15 at 19, 39.  Since the complaint alleges David Blankenship

was employed by the Johnson County Sherriff's Office, Doc. 15 at 11, and Roden was employed

by LaSalle Southwest Corrections, the complaint fails to plead that the *Government* intentionally

concealed these alleged facts from him.  Doc. 15 at 26.

As to Plaintiff's claimed mental incapacity, he avers in his complaint that he only spent

seven days in the hospital following his April 2016 seizure.  Doc. 15 at 24.  In his response to

Defendant's motion to dismiss, Plaintiff alleges for the first time that "[i]t was not until late

November or early December of 2017, following intense speech, physical and occupational

therapy, that Plaintiff's medical condition improved."  Doc. 19-1 at 18.  When ruling on a motion

to dismiss, however, the court does not consider facts alleged in a responsive brief but not in the

complaint.  *See Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Sw. Bell Tel., LP v. City

of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether

to dismiss for failure to state a claim, the court considers, of course, only the allegations in the

complaint.").  Thus, the Court does not consider Plaintiff's allegation that he was mentally

incapacitated until November or early December of 2017, because it is not supported by the

complaint.  And although the Court accepts as true that Plaintiff was hospitalized for seven days,

this does not overcome the fact that Plaintiff presented his claims to the DHS on June 18, 2018,

more than six months after the limitation period expired on December 12, 2017.[3] Doc. 15 at 2.

Thus, Plaintiff's argument with respect to his mental incapacity fails.

      In sum, Plaintiff has failed to establish that equitable tolling applies to prevent his claims

from being barred by limitations.

      **b.  Discovery Rule**

      Plaintiff next argues the accrual date of his claims should be delayed because he was not

in possession of "critical facts" regarding his claim as DHS agents assured Plaintiff that an

investigation into the sexual assault was ongoing. Doc. 19-1 at 22.  The record belies that

assertion.

      The discovery rule defers the accrual of a cause of action until the "plaintiff knows both

the existence of an injury and the cause of the injury." *Kingham v. Pham*, 753 F. App'x 336, 337

(5th Cir. 2019).  The discovery rule applies "where the plaintiff's injury may be unknown or

unknowable until it manifests itself and also where the facts about causation may be in the

control of the defendant, unavailable to the plaintiff, or at least very difficult to obtain. *Wynn v.*

*United States*, No. 4:18-CV-045-A, 2019 WL 2024921, at *4 (N.D. Tex. May 8, 2019)

(McBryde, J.) (citing *Kubrick*, 100 S. Ct. at 358).

      Here, Plaintiff discovery rule argument fails because he clearly knew on November 22,

2015 of both the injury and its cause, since Plaintiff "knew the identity of the offender who

---

[3] Plaintiff's claims accrued on December 12, 2015 and the FTCA has a two-year statute of
limitations. *Kwai Fun Wong*, 575 U.S. at 404; *Reed*, 487 F. App'x at 905.  Even if Plaintiff's
claim accrued on January 20, 2016, when he was released from immigration custody, his claim
remains time barred. Doc. 15 at 22.

committed the sexual assault." *See Aguirre-Castillo v. United States*, No. Civ.A. 1:03-CV-146-C, 2004 WL 594105, at *7 (N.D. Tex. Feb. 26, 2004) (Cummings, J.) (concluding plaintiff's FTCA claims accrued "when the alleged assault occurred"); Doc. 19-1 at 22. Accordingly, Plaintiff fails to demonstrate how the discovery rule applies to his sexual assault claims against the Government.

### c. Continuing Tort

Plaintiff next argues his accrual date should be tolled because "Plaintiff was never provided medical aid and mental health counseling" after the alleged sexual assault in November 2015. Doc. 19-1 at 27. Again, neither the record nor the applicable law support Plaintiff's contention.

A continuing tort theory may be applied when no single incident in a continuous chain of tortious activity can fairly or realistically be identified as the cause of significant harm. *Page v. United States*, 729 F.2d 818, 821-22 (D.C. Cir. 1984). In such cases, the cause of action is not complete and does not accrue until the tortious acts have ceased. *In re FEMA Trailer Formaldehyde Prods. Litig.*, 646 F.3d 185, 191 (5th Cir. 2011), *abrogated on other grounds*, *Kwai Fun Wong*, 575 U.S. at 402.

"[T]he Fifth Circuit has yet to decide whether [the continuing tort theory] applies in the FTCA context." *Wynn*, 2019 WL 2024921, at *5 (citing *In re FEMA Trailer*, 646 F.3d at 191). Regardless, Plaintiff's continuing tort theory argument fails because "there is no evidence of a continuous course of action causing him harm," as the alleged sexual assault was a single incident that occurred in November 2015. *Id.* at *5-6 (dismissing with prejudice plaintiff's alleged foot injury because "[p]laintiff is not complaining of a gradual injury"). In *Roe I*, this Court also concluded that the alleged sexual assault was not a continuing tort and equitable

9

tolling was not applicable as Plaintiff's various sexual assault claims accrued at the time of the injury.  *See Roe I*, 2019 WL 5031357, at \*9.

Lastly, the ATCA statute of limitations is inapplicable because Plaintiff's complaint fails to assert any claim under the ATCA.  *See* Doc. 15 at 41-62.

Accordingly, Plaintiff fails, as a matter of law, to show that equitable tolling applies to his claims based on the alleged sexual assault on November 22, 2015;[4] claims 1-6 are therefore time barred and should be dismissed with prejudice.

## B.  Claims 7-18 Should be Dismissed

The Government argues that claims 7-18, "based upon the *state's arrest and prosecution* of Roe for allegedly making a false statement regarding the sexual assault," should be dismissed because (1) they are time barred; and (2) Plaintiff "cannot show that federal actors arrested or prosecuted him."[5]  Doc. 16 at 8 (emphasis in original).

### 1.  Claims based on December 2015 Arrest

Like claims 1-6, Plaintiff's claims arising from his arrest in December 2015 are barred by limitations.  For instance, Plaintiff's tort claims accrued on December 12, 2015 when he was released on bond.  *Reed v. Edwards*, 487 F. App'x 904, 905 (5th Cir. 2012) (concluding accrual date for false arrest/imprisonment claims begins when plaintiff is held pursuant to the legal process, such as being bonded to appear or arraigned on charges); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (affirming district court's dismissal of FTCA claims for "*assault, false imprisonment, intentional inflection of emotional distress, and invasion of privacy*

---

[4] Plaintiff fails to establish that equitable tolling applies to claims 7-18 for identical reasons.

[5] The Court concludes dismissal is proper based on other grounds and therefore does not reach this argument.

. . . . [b]ecause the claims were presented more than two-years after the events giving rise to the complaint") (emphasis added); Doc. 15 at 21.

Claims 11 and 13-15 should be dismissed because they are based on Plaintiff's December 2015 arrest.  For example, Plaintiff's malicious prosecution claim, claim 11, allegedly stems from a December 2, 2015 joint investigation by Johnson County Sheriff Captain Blakenship and DHS federal agents.  Doc. 15 at 53.  Plaintiff's negligence claim, claim 13, also alleges that the DHS's investigation into Plaintiff's sexual assault was both negligent and grossly negligent. Doc. 15 at 56.  Plaintiff's ratification claim, claim 14, similarly alleges that the DHS conducted the December 2015 investigation in bad faith and caused the malicious prosecution of Plaintiff. Doc. 15 at 57.  Plaintiff's civil conspiracy claim, claim 15, further alleges that DHS agents conspired with "county and private entity confederates" to deny him medical care after the alleged sexual assault and wrongfully arrest him.  Doc. 15 at 58.  Plaintiff presented his claims to the DHS on June 18, 2018, more than six months after the limitation period expired on December 12, 2017.  Doc. 15 at 2; *see supra* at n.8.

Plaintiff's invasion of privacy claim, claim 16, is also based on events arising from his December 2015 arrest.  *See* Doc. 15 at 58 ("Defendant disclosed . . . the criminal complaint . . . which charged Plaintiff with the charged offense of False Report to A Peace Officer/Federal Special Investigator.").  Plaintiff also alleges that "Johnson County issued summons for Plaintiff to appear . . . on February 22, 2016 at 10:30 a.m. on the charged offense of false report to a peace officer."  Doc. 15 at 22.  Taking Plaintiff's allegation as true, his privacy claim fails because he

presented his claims to the DHS on June 18, 2018, more than three months after the limitation

period expired on February 22, 2018.[6]  Doc. 15 at 2.

       Plaintiff's IIED claim, claim 18, is based on "Defendant's intentional evil acts"

summarized at paragraph 137(a)-(t).  Doc. 15 at 60.  Paragraph 137 (a)-(t) describes Plaintiff's

reported sexual assault, his December 2, 2015 arrest, the allegation he was arrested without a

proper warrant, and his release on December 12, 2015.  *See* Doc. 15 at 34-39 (paragraphs (a), (e),

(i), and (n)).  Plaintiff presented his claims to the DHS on June 18, 2018, more than six months

after the limitation period expired on December 12, 2017.  Doc. 15 at 2.  Plaintiff's malicious

prosecution, negligence, ratification, civil conspiracy, invasion of privacy, and IIED claims

should therefore be dismissed.

   **2.  Claims Based on December 2017 Arrest**

       Plaintiff's claims based on his December 2017 arrest also fail as a matter of law.  In order

to establish a valid false imprisonment claim under Texas law, Plaintiff must show: "(1) willful

detention, (2) without consent, and (3) without authority of law."  *Davila v. United States*, 713

F.3d 248, 262 (5th Cir. 2013).  "It is a complete defense to an action for false imprisonment that

the arrest or detention was by virtue of process, legally sufficient in form, and duly issued by a

court or official having jurisdiction to issue it."  *Najera v. United States*, 926 F.3d 140, 144 (5th

Cir. 2019).  Plaintiff concedes that he failed to appear for his criminal trial and a capias[7] warrant

---

[6] At best, Plaintiff's claims accrued on February 22, 2018 12, 2015 and the FTCA has a two-year
statute of limitations.  *Kwai Fun Wong*, 575 U.S. at 404; Doc. 15 at 22.

[7] "A 'capias' is a writ issued by a court or clerk and directed to any peace officer of the state
commanding him or her to arrest a person accused of an offense and to bring the person before
that court immediately, or on a day or at a term stated in the writ."  *Larrew v. Barnes*, No.
CIV.A.3:06CV547-R, 2006 WL 2354954, at *2 (N.D. Tex. Aug. 14, 2006) (Buchmeyer, J.)
(citing  Tex. Code Crim. P. Art. 23.01 (Vernon 1989 & Supp. 2006)).

was subsequently issued.  Doc. 15 at 25.  Plaintiff instead argues that his December 2017 arrest

was improper because the capias issued without probable cause.  Doc. 19-1 at 43.

Claims 7-10, 12, and 17 should be dismissed because they are based on the December

2017 arrest.  For example, Plaintiff's "inclusion [sic] upon seclusion" claim, claim 7, alleges that

federal agents improperly entered Plaintiff's residence on December 19, 2017.  Doc. 15 at 51.

Plaintiff's "inclusion [sic] upon seclusion" claim, claim 8, also alleges that federal agents

improperly searched his residence the same day.  Doc. 15 at 51.  Plaintiff's false

arrest/imprisonment claim, claim 9, similarly alleges that federal agents falsely arrested and

detained him.  Doc. 15 at 52.  Plaintiff's assault and battery claim, claim 10, further alleges that

federal agents intentionally and knowingly caused physical contact with Plaintiff because they

entered his home without a warrant.  Doc. 15 at 52-53.[8]  Plaintiff's abuse of process and false

arrest/imprisonment claims, claims 12 and 17, also allege that federal agents wrongfully filed a

federal detainer against him on December 19, 2017.  Doc. 15 at 55, 59.

As explained *supra*, Plaintiff concedes that a capias warrant was issued for his arrest as

he failed to appear for his criminal trial and "[i]t is a complete defense to an action for false

imprisonment that the arrest or detention was by virtue of process."  *Najera*, 926 F.3d at 144;

Doc. 15 at 25.  Plaintiff's complaint fails to sufficiently plead that either the capias or

immigration detainer was improperly issued as a matter of law.  Even though Plaintiff was

eventually found not guilty on his criminal charges, an acquittal is insufficient to establish that an

arrest was not supported by probable cause.  *Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The

Constitution does not guarantee that only the guilty will be arrested.  If it did, § 1983 would

---

[8] The Court considers Plaintiff's December 19, 2019 allegation under Count 10 to be a typo because the remainder of the complaint alleges wrongful conduct by federal agents on December 19, 2017.  Doc. 15 at 52.

provide a cause of action for every defendant acquitted—indeed, for every suspect released.");

*Sorenson v. Ferrie*, 134 F.3d 325, 328 n.3 (5th Cir. 1998).  Likewise, even though Plaintiff

alleges the immigration detainer was improper because he had temporary protected status, the

complaint also admits that Plaintiff was arrested and ultimately detained via a capias warrant for

failing to appear at his criminal trial.  Doc. 15 at 25.

   Moreover, Plaintiff's assault and battery claim fails because Plaintiff alleges that two

unknown federal agents committed harmful or offensive contact with Plaintiff's *home*, and not

his person.  Doc. 15 at 52-53; *see Thawar v. 7-Eleven, Inc.*, 165 F. Supp. 3d 524, 530 (N.D. Tex.

2016) (Under Texas law, the elements of battery are "(1) a harmful or offensive contact (2) with

a plaintiff's person."); *Jackson v. Texas S. Univ.*, 997 F. Supp. 2d 613, 632 (S.D. Tex. 2014)

(Under Texas law, the elements of assault under Texas law are "(1) the apprehension of (2) an

immediate battery.").  Plaintiff fails to cite, and the Court is unaware of any, legal authority for

the proposition that assault and battery claims based on offensive contact with a person's home

are plausible to survive a motion to dismiss.

   In short, Plaintiff's claims based on the December 2017 arrest fail because they are

premised on the allegation that the Government acted without a properly issued warrant, when in

fact the complaint concedes that a capias warrant was issued for his arrest.  Plaintiff's intrusion

upon seclusion, false arrest/imprisonment, assault and battery, and abuse of process claims

should therefore be dismissed.

## C. Request for Leave to Amend Should Be Denied

   In his response to the motion to dismiss, Plaintiff states "if the Court should determine

that more specificity is required or that Plaintiff failed to state a claim for any of the causes of

action in Plaintiff's Third Amended Complaint against the Defendants [sic] herein (United States

of America), Plaintiff requests leave to amend the Third Amended Complaint." Doc. 19-1 at 45.

A party, however, is not entitled to remedy a pleading deficiency simply by seeking leave to

amend in response to a motion to dismiss. *Spiller*, 130 F.3d at 167.  When a party opposes a

motion to dismiss on its merits while also asking for leave to amend should the Court deem

dismissal proper, the party "may not avoid the implications" of his choices. *Id.*

Plaintiff has not sought leave to amend in accordance with Local Civil Rule 15.1.

Specifically, he has not filed a motion for leave, nor attached a copy of the amended pleading to

the request.  Thus, his request may be denied solely on this basis. *Jones v. City of Mesquite,

Texas*, No. 3:18-CV-0117-B, 2018 WL 3853714, at *9 (N.D. Tex. July 25, 2018) (Ramirez, MJ)

(accepting recommendation); *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005)

(accepting recommendation).

Moreover, despite three amendments, Plaintiff's complaint is nevertheless deficient.  In

addition to being put on notice of the deficiencies of the Third Amended Complaint by the

Government's motion to dismiss, as mentioned previously, the same claims against other

defendants were previously dismissed on similar grounds by the Court.  There is no reason to

believe that a fifth iteration of the complaint will fare any better.  Ordinarily, a *pro se p*laintiff

should be granted leave to amend his complaint prior to dismissal.  However, leave to amend is

not required when a plaintiff has, as demonstrated here, already pled his best case. *Brewster v.

Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

## IV. CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss Plaintiff's Third Amended

Complaint*, Doc. 16 should be **GRANTED**, and Plaintiff's claims should be **DISMISSED**

**WITH PREJUDICE**.  As no claims will remain, the Clerk of the Court should thus be

instructed to close this case.

      **SO RECOMMENDED** on February 28, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF
RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).