UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 3:19-CV-0792-X-BK |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff John Roe's emergency motion for a temporary injunction. (Doc. 142). Because the motion at Doc. 142 is a corrected motion of the motion at Doc. 141, the Court **FINDS AS MOOT** the motion at Doc. 141. Roe's live motion seeks a temporary restraining order to prevent the United States from detaining or removing him from the United States. After reviewing the briefs and the relevant caselaw, the Court **DENIES** the motion. Additionally, the Court **GRANTS LEAVE** to Roe to amend his complaint within fourteen days of this order only to make changes relating to the relief he seeks in his application for a temporary restraining order.

This is a six-year-old Federal Tort Claims Act suit from a *pro se* former detainee seeking damages relating to alleged events that took place while detained at the Johnson County Corrections Center. Roe appears to allege that he is Haitian and at one point had temporary protected status in the United States. Roe is primarily concerned that if he is removed from the United States then his removal

1

would hamper his ability to prosecute his tort action against the Government. He alleges that he is in removal proceedings and his removal hearing is scheduled for October 15, 2026.

The standard governing temporary restraining orders is the same as the one governing preliminary injunctions.[1] The movant must establish four factors:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[2]

Failure to establish any one of these results in denial of the temporary restraining order.[3]

Here, there is no showing of a likelihood of success on the merits, because Roe's application for a temporary restraining order does not relate to the relief in his complaint. His complaint asserts tort claims against the Government, but his application for a temporary restraining order is about preventing the government from detaining him or removing him from the United States. He should amend his complaint to reflect his new claims.

For the foregoing reasons, the Court **DENIES** the emergency motion for a temporary restraining order (Doc. 142) and **FINDS AS MOOT** the motion at Doc. 141. The Court **GRANTS LEAVE** to Roe to amend his complaint within fourteen

---

[1] *See Fromhold v. Insight Glob., LLC*, 657 F. Supp. 3d 880, 887 (N.D. Tex. 2023) (Starr, J.), *appeal dismissed sub nom. Fromhold v. Insight Glob., L.L.C.*, No. 23-10275, 2023 WL 6126458 (5th Cir. May 2, 2023).

[2] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[3] *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250 (5th Cir. 2009).

days of this order only to make changes relating to the relief he seeks in his application for a temporary restraining order.

**IT IS SO ORDERED** this 6th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE