IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-792-X-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     DEFENDANT. | § | |

ORDER

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for pretrial management. Before the Court for determination are four pretrial motions: Defendant's *Motion to Stay Litigation Pending a Ruling on Defendants' Second Summary-Judgment Motion*, Doc. 194, and *Motion to Stay Deadlines to Respond to Pending Motions*, Doc. 195, and Plaintiff's *Amended Motion to Continue/Defer Ruling on Government's Second Motion for Summary Judgment*, Doc. 210, and *Motion to Continue Consideration/Ruling on Defendant's Second Motion for Summary Judgment*, Doc. 200. For the reasons outlined here, Defendant's motions are **GRANTED**, and Plaintiff's motions are **DENIED**.

I. PROCEDURAL HISTORY

On direct appeal, The Court of Appeals for the Fifth Circuit reversed the judgement of this Court dismissing this cause with prejudice as to two of Roe's 18 claims. Specifically, the appellate court revived Roe's claims in Count 11 (malicious prosecution) and Count 15 (civil conspiracy, "[t]o the extent that Roe has alleged DHS agents participated in his malicious prosecution (count 11))," of the then-operative *Third Amended Complaint* and remanded the case

for further proceedings.[1] *Roe v. United States*, 839 F. App'x 836, 839-40, 848 (5th Cir. 2020) (per curiam), aff'g in part, rev'g in part No. 3:19-CV-792-C-BK, 2020 WL 1434505 (N.D. Tex. Mar. 24, 2020) (Cummings, J.).

Upon remand, this case has faced significant procedural delays—including as to discovery—due mainly to Roe's incarceration. Doc. 54; Doc. 60; Doc. 61; Doc. 64; Doc. 84. Consequently, the Court has granted several extensions in discovery-related and other matters. Doc. 53; Doc. 57; Doc. 71; Doc. 84; Doc. 90; Doc. 114; Doc. 115; Doc. 119; Doc. 126. And there are several discovery motions pending.

In July 2025, before the latest discovery deadline expired, the Government filed a motion for summary judgment. Doc. 183. The Government also filed the instant motions to stay discovery and stay the remaining scheduling deadlines until determination of its pending motion to for summary judgment. Doc. 194; Doc. 195. Roe filed a response in opposition, Doc. 199, and subsequently filed the motion and amended motion requesting the court to reopen discovery and defer its ruling on the Government's motion for summary judgment until the completion of discovery. Doc. 200; Doc. 210 at 22. The Government filed a response in opposition to Roe's motions. Doc. 213.

## II. ANALYSIS

The Court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1). "A trial court has broad discretion and inherent power to stay discovery until

---

[1] Notably, the appellate court also upheld this Court's denial of leave to amend the complaint; nevertheless, Roe has been permitted to, and has, amended his complaint yet again. Doc. 146; Doc. 151 (*Fifth Amended Complaint*). Roe's new allegations mainly focus on staving off his anticipated deportation while this case is still pending. Doc. 151 at 51.

2

preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). But staying discovery is an "extraordinary step." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-CV-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (Horan, J.). Thus, a stay is the exception, not the rule. *See, e.g., Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (Ramirez, J.). Importantly, however, discovery is not a prerequisite to granting summary judgment. *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam).

Here, the Court finds that the Government has demonstrated good cause to stay discovery until the Court resolves the pending motion for summary judgment. Cursory review indicates that, as the Government correctly notes, determination of the motion for summary judgment may prove dispositive of some or all pending claims. Doc. 184 at 11-13. *See Sapp*, 406 F. App'x at 870. ("it would be wasteful to allow discovery on all issues raised in a broad complaint when . . . the case [may] not reach a determination on those merits"). Moreover, Roe has failed to show how the information and materials he has already obtained through discovery leave him "unable to respond to summary judgment and how the other evidence sought to be obtained would help defeat summary judgment." *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014). *See also Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990) ("[A] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by [the party] to withstand a Rule 56(e) motion for summary judgment.") (cleaned up).

3

### III. CONCLUSION

For the foregoing reasons, the Government's *Motion to Stay Litigation*, Doc. 194, and *Motion to Stay Deadlines*, Doc. 195 are **GRANTED**. Discovery is thus **STAYED** pending the Court's determination of the Government's second motion for summary judgment, Doc. 183, after which the Court will issue a supplemental scheduling order as to any remaining pretrial deadlines, including deadlines for filing responses to any outstanding motions. Plaintiff's *Amended Motion to Continue/Defer Ruling on Government's Second Motion for Summary Judgment*, Doc. 210, and *Motion to Continue Consideration/Ruling on Defendant's Second Motion for Summary Judgment*, Doc. 200, are **DENIED AS MOOT**.

**SO ORDERED** on December 22, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE